UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BONNIE COLEMAN-POLK                                  CIVIL ACTION

VERSUS                                               NO. 07-7370

XAVIER UNIVERSITY OF LOUISIANA                       SECTION "F" (3)

ORDER AND REASONS

Before the Court is an application for appointment of counsel pursuant to 42 U.S.C. 2000e-5(f)(1) filed by *pro se* plaintiff, Bonnie Coleman-Polk ("Polk"). For the following reasons, the plaintiff's application is DENIED.

BACKGROUND

Plaintiff attempted to file suit on October 27, 2007. Her application for pauper status was denied twice: (1) on October 26, 2007; and (2) on reconsideration on November 7, 2007. Plaintiff appealed the pauper determinations and, on March 25, 2008, plaintiff's appeal was denied by the district judge. Plaintiff paid the Court's filing fee in August of 2008, when her complaint was finally filed. At that time, plaintiff's motion to appoint counsel was denied as moot because, according to the docket sheet, her case was not then case pending. Plaintiff then filed a motion for reconsideration and plaintiff's application for appointment of counsel was reset for telephone hearing before the undersigned Magistrate Judge. Albeit styled a motion for reconsideration of her motion to appoint counsel, her application is being considered for the first time *on the merits*.

Plaintiff's complaint names the following defendants, the Corps of Engineers, Phillips & Jordan, Terry Tree Service and Brewer Construction. Plaintiff's address is 5757 St. Anthony Ave., New Orleans, Louisiana, 70112. In February of 2007, the defendants were allegedly removing the

neighbor's tree immediately behind plaintiff's property and, in the process, destroyed her fence and then threw it away. Polk first filed a complaint in small claims court for damages. Plaintiff alleges that after many hours of negotiation, her claim was dismissed allegedly because it was filed in the wrong court. Plaintiff submits that, after numerous attempts to file an administrative claim with the Corps of Engineers, she has filed the instant complaint with attachments. As damages, plaintiff seeks reimbursement for the new chain link fence she recently installed and damages "as the Court sees fit."

On October 16, 2008, the undersigned Magistrate Judge conducted a telephone hearing on plaintiff's request for appointment of counsel, following which the matter was taken under advisement.

## DISCUSSION

Generally, the Court's power to "appoint counsel" is derived from either or both Title VII and 28 U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel." Plaintiff is neither a pauper, nor a Title VII claimant. In any event, there is no constitutional right, nor an automatic right to appointed counsel in a civil case.[1] Even indigent civil rights litigants do not have a right to appointed counsel absent "exceptional circumstances."[2]

The plaintiff bears the burden of persuasion as to the necessity of court-appointed counsel in

---

[1] *See Caston v. Sears, Roebuck and Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977).

[2] *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir.1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Systems Protection Board*, 2002 WL 1216023 (E. D. La.) (Shushan, M. J.); *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Wilkinson, M. J.).

this small claims property damage suit. Plaintiff has not begun to make the requisite showing of "exceptional circumstances" within the meaning of the law.

The evidence which must be adduced includes,

(1) plaintiff's indigence; and

(2) efforts made to secure counsel.

These are bare minimum *threshold* considerations. Although plaintiff indicated that she has made some effort to secure counsel to represent her, *she is not a pauper*. Thus, plaintiff has failed to make the threshold showing.

In addition, the Court should and has considered the following factors:

(a) the type and complexity of the case;

(b) whether the indigent is capable of presenting her case adequately;

(c) whether she is in a position to investigate her case adequately; and

(d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination, including whether the appointment of counsel would be of service to the court and the defendants by sharpening the issues in the case.

As to the factors recited above, plaintiff has failed to demonstrate the presence of any factor which would weigh in favor of the appointment of counsel in her case. This is a simple property damage suit against the Corps of Engineers, *et al*. Plaintiff handled the matter quite well on her own in small claims court; however, it does appear from reviewing the complaint together with exhibits that plaintiff's small claims case was dismissed for lack of subject matter jurisdiction as to the Corps of Engineers. It is clear that the plaintiff directed the investigation of her case up to the date of the filing of the subject complaint and has conducted extensive negotiations with the named defendants.

The Court recognizes that every litigant benefits by having an attorney. However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, she will have particular difficulty in investigating and presenting her case, such that her situation justifies the special benefit of having counsel appointed to represent her. Plaintiff has failed to make the even the requisite threshold showing of indigence.

For reasons set forth above, the Court finds that this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the court with presentation of the issues. Rather, on balance, the factors set forth above weigh against granting plaintiff's application for the appointment of counsel, particularly at this early stage of the proceedings. Accordingly,

**IT IS ORDERED** that Bonnie Coleman-Polk's application for appointment of counsel is DENIED on reconsideration.

### OBJECTIONS

Plaintiff may file objections to the undersigned magistrate judge's findings. However, any such objections must be filed within ten (10) days of the date that this order is entered, excluding weekends and holidays. Additionally, plaintiff's objections must be: (1) specific, (2) in writing, and (3) served within ten days after being served with a copy of this order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). Plaintiff's failure to object will bar him from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the unobjected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 17th day of October, 2008.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**